LOCAL 257, INTERNATIONAL BROTH-
ERHOOD OF ELECTRICAL
WORKERS, et al., Plaintiffs,

v.

William J. GRIMM, d/b/a Grimm
Electric, Defendant.

No. 84–1340C(B).

United States District Court,
E.D. Missouri, E.D.

Nov. 4, 1986.

James I. Singer, Schuchat, Cook & Werner, St. Louis, Mo., for plaintiffs.

John W. Ellinger, Jefferson City, Mo., for defendant.

## SUPPLEMENTAL MEMORANDUM OPINION

REGAN, District Judge.

In ordering plaintiffs to submit a judgment in conformity with our findings subsequent to the remand of this cause, 8th Cir., 786 F.2d 342, we made no reference to the claim of Local Union 257 for dues, neither party having briefed or argued that issue. For that reason we had assumed that the dues claim was abandoned.

In the draft of a judgment submitted to us, plaintiffs included a judgment in favor of the union. We now consider whether the evidence is sufficient for that purpose. Plaintiffs cite provisions in each of the collective bargaining agreements relating to this issue. They also refer us to certain exhibits summarizing the amounts claimed by them to be due.

It is true, as plaintiffs state, that a claim for the dues was included in the complaint. However, the complaint does not prove itself. There is an entire absence of any *evidence* supportive of the claim. The collective bargaining agreements specifically provide that "The Employer (Grimm) agrees to deduct, *upon receipt of a voluntary written authorization*, the additional working dues from the pay of each IBEW (Local 257) member", and that it is "the responsibility of the Union to obtain the signed Authorization Form of each Employee, and to forward such signed Authorization Form to the Employer."

Clearly, the liability of Grimm for the amount of the working dues is dependent

upon whether the employees have signed and the union has forwarded to Grimm, voluntary authorization forms. Not only is there an entire want of evidence on this issue, but plaintiffs have conceded that no such authorization forms were either signed or submitted to Grimm. As a matter of fact, only one of the employees involved is claimed to be a member of Local 257.

Plaintiffs now argue that Grimm should have required its non-union employees to become and remain members of the Local as a condition of their employment (after 31 days) and that having failed to do so, Grimm should be liable for the dues his employees did not authorize to be withheld. We do not agree. Nothing in the collective bargaining agreement so provides and no such issue was presented by the pleadings or the evidence.

The collective bargaining agreements do not mandate that new employees be or become union members as a condition of employment until after 31 days. We cannot speculate that the non-union employees from time to time would have agreed to become members after the 31 day period. And of even more importance, it is purely speculative as to whether these employees would have signed the *"voluntary"* authorization forms at any time even if they became members. And contrary to plaintiffs' present argument, this case against Grimm has nothing to do with union initiation fees or even regular dues. Only "working" dues are involved. The case cited by plaintiffs (*United Food and Commercial Workers v. Health Enterprises,* 543 F.Supp. 340) is wholly inapposite. It does not address the issues here involved.

It follows that whether or not Grimm should have required his employees to join the union, he may not be held liable under the undisputed evidence to even deduct the union "working" dues.

One other issue not adverted to in the order of remand relates to the inclusion in plaintiff's proposed judgment of an award of $3,243.29 to the "Trustees of the National Electrical Benefit Fund" (NEPA)

together with double pre-judgment interest thereon. The award purports to be based on the provision in the collective bargaining agreements for a monthly payment of 3% of the employer's gross monthly labor payroll. The problem is that although there is some reference to that Fund in the Amended Complaint, it is not a party to this action and the only Trustees who are parties hereto are admittedly *not* trustees of NEPA.

Plaintiff union has suggested, in this situation, that inasmuch as this is also a Section 301 action and a failure on the part of the employer to comply with the NEPA agreement is also a breach of the labor agreement, the NEPA judgment may be in favor of the union with directions for it to forward to NEPA the amount it may receive. We will follow that suggestion to avoid renewed litigation by NEPA. However, in a Section 301 action as distinguished from one by a fiduciary, the plaintiff could not receive double interest. Hence no such award will be made.

### JUDGMENT

The Court, having duly considered the issues remanded to it by the Court of Appeals, IT IS HEREBY ORDERED and ADJUDGED that this action be and the same is HEREBY DISMISSED with prejudice as to Carolyn Grimm.

IT IS FURTHER ORDERED and ADJUDGED that:

1. The Trustees of the IBEW–NECA Joint Apprenticeship and Training Fund have and recover from Defendant William J. Grimm d/b/a Grimm Electric the sum of $130.64, which includes $85.47 for delinquent contributions owed during the period January 1, 1982 through December 31, 1984 and $45.17 for delinquency charges at the rate established by the Labor Agreement.

2. $12,820.26 in favor of the Trustees of the IBEW–NECA Health & Welfare Fund and against Defendant William J. Grimm d/b/a Grimm Electric which includes $8,370.96 for delinquent contributions owed during the period January 1, 1982 through

December 31, 1984 and $4,449.30 for delinquency charges at the rate established by the Labor Agreement.

3. $2,898.07 in favor of the Trustees of the IBEW–NECA Holiday Fund against Defendant William J. Grimm d/b/a Grimm Electric which includes $1,899.53 for delinquent contributions owed during the period January 1, 1982 through December 31, 1984 and $998.54 for delinquency charges at the rate established by the Labor Agreement.

4. $22,333.17 in favor of the Trustees of the IBEW–NECA Pension Benefit Trust Fund and against Defendant William J. Grimm d/b/a Grimm Electric which includes $14,657.79 for delinquent contributions owed during the period January 1, 1982 through December 31, 1984 · and $7,675.38 for delinquency charges at the rate established by the Labor Agreement.

5. $11,559.73 in favor of the Trustees of the IBEW–NECA Vacation Fund and against Defendant William J. Grimm d/b/a Grimm Electric which includes $7,582.98 for delinquent contributions owed during the period January 1, 1982 through December 31, 1984 and $3,976.75 for delinquency charges at the rate established by the Labor Agreement.

6. $3,243.29 in favor of Local 257, International Brotherhood of Electric Workers, AFL–CIO against Defendant William J. Grimm d/b/a Grimm Electric for the benefit of and to be paid by said Union to the National Electrical Benefit Fund, which said amount includes delinquent contributions owed during the period January 1, 1982 through December 31, 1984.